Sherrill Hardwood Lumber Company *v.* H. D. Glass Lumber Company.

Opinion delivered January 30, 1922.

1. Sales—necessity of delivery.—A sale of machinery was not completed where there was neither manual nor symbolical delivery.

2. Replevin—right to maintain.—Where neither title nor the possession of machinery passed under a contract of sale, the purchaser was not entitled to maintain replevin against the seller.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

STATEMENT OF FACTS.

Appellee brought this action in replevin to recover from appellant two boilers of which it claims to be the owner.

Appellant answered, denying the ownership in appellee and averring title to the boilers in itself.

On the 26th day of November, 1919, appellant wrote to appellee enclosing a circular of second-hand machinery for sale, together with a price list and stating that the machinery was all in good serviceable condition. Among the second-hand machinery listed for sale were two boilers priced at $500. Appellee telegraphed appellant that it would accept the two boilers for $500, and was sending a check for half of that amount. On January 5, 1920, appellee sent appellant a check for $250 to be applied on the purchase price of the two boilers. Appellant answered the letter, and stated that the boilers were listed at $500 each, and that it would hold the check for appellee.

According to the testimony of appellee, it not only sent to appellant a check for $250 in part payment of the boilers, but it also paid $425 storage charges to obtain the release of a claim of some one in actual possession of the boilers.

According to the testimony of appellant, the $250 was finally accepted by it as a payment on an entirely separate piece of machinery, and appellee so understood it. There never was any change of possession in the boilers or delivery of them to appellee.

Under the instructions of the court the jury returned a verdict for appellee, and from the judgment rendered appellant has duly prosecuted this appeal.

*G. E. Garner,* for appellant.

A contract of sale consists of an agreement between the parties, and in addition thereto a delivery of the chattel. 91 Ark. 422. Here there was no agreement and no delivery, and replevin would not lie. His remedy would have been for breach of contract, had there been a sale and symbolic delivery.

The offer to pay one-half only of the price for the boilers, even as construed by appellee, was a departure from the terms of sale, and invalidates the offer. 97 Ark. 613, 134 S. W. 942.

There was no binding contract of sale, as the parties never agreed on the proposition. 95 Ark. 421.

No brief for appellee.

HART, J. (after stating the facts). According to appellee's own testimony there should have been a verdict in favor of appellant. Appellant retained possession of the boilers, and there was no transfer of possession, actual or constructive. It is not claimed that there was any manual delivery of the boilers, and there is nothing from which it may be inferred that there was a symbolical delivery of them. Hence the sale was not completed. *Harper* v. *State,* 91 Ark. 422.

The boilers not having been delivered to appellee, the title did not pass to it and it cannot maintain replevin

to recover possession of them. *Carpenter* v. *Glass,* 67 Ark. 135, and *Jones* v. *Burks,* 110 Ark. 108.

It follows that the court erred in directing a verdict for appellee as requested by it, and for that error the judgment must be reversed, and the cause will be remanded for a new trial.